**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL TORRISI, | Civil Action No. 20-5886 (CCC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| EAST JERSEY STATE PRISON, et al., | |
| Defendants. | |

**CECCHI, District Judge:**

This matter comes before the Court on the civil rights complaint brought pursuant to 42 U.S.C. § 1983 by Plaintiff Michael Torrisi ("Plaintiff"), which raises excessive force claims against several prison guards, East Jersey State Prison, and the New Jersey Department of Corrections based on an alleged assault on Plaintiff in January 2018. ECF No. 1. Although Plaintiff did not pay the applicable filing fee, he did file an application to proceed *in forma pauperis*. ECF No. 1-1. Because Plaintiff's application shows that he is entitled to proceed *in forma pauperis*, that application shall be granted.

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

1

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

In his complaint, Plaintiff alleges that on January 31, 2018, while he was imprisoned at East Jersey State Prison, correctional officer Joral Lucien falsely accused Plaintiff of assaulting him and then attacked Plaintiff, punching him and striking him numerous times. ECF No. 1 at 5. Another officer, Jonathan Solerno, "falsely stated he saw [Plaintiff] assault" Lucien. Id. Plaintiff further alleges that other officers also punched him while the officers were in the process of securing him. Id. Plaintiff further alleges that none of these officers "saw . . . Lucien start the incident by punching" Plaintiff, and merely reacted to the fracas that resulted. Id. at 7. This event resulted in Plaintiff being hospitalized for a fractured orbital bone and other injuries. Id. Plaintiff therefore now seeks damages from Salerno, Lucien, the prison, and the New Jersey Department of Corrections pursuant to 42 U.S.C. § 1983 based on this excessive force incident and the "false" reports of Salerno and Lucien concerning the start of the incident.

Initially, the Court finds that neither the prison nor the Department of Corrections are proper Defendants under Section 1983. It is well established that states, their departments of corrections, and their prisons are not "persons" under Section 1983 and therefore may not be sued under the statute. *See Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280–81 (D.N.J. 2013); *see also Ewing v. Cumberland Cnty.*, No. 09-5432, 2015 WL 1384374, at *25 (D.N.J. Mar. 25, 2015); *Brown v. New Jersey Dep't of Corr.*, No. 12-5069, 2014 WL 4978579, at *2 (D.N.J. Oct. 3, 2014); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989). Both the prison and the New Jersey Department of Corrections are therefore dismissed from this matter with prejudice.

Plaintiff's false report claims likewise fail to state a claim for which relief may be granted. The filing of a false report "is not itself a constitutional violation," and will only form the basis for

3

a § 1983 claim where the false report is accompanied by some form of established Due Process violation. *Washington v. Essex Cnty. Sheriff's Dep't*, No. 14-7453, 2017 WL 4858120, at *2 (D.N.J. Oct. 25, 2017). Petitioner has alleged no Due Process violation – indeed, he alleges he had a disciplinary hearing on his charges, and though this did not end in Plaintiff's favor, he has alleged no facts suggesting he was denied Due Process at that hearing or in any other respect. Plaintiff therefore fails to state a claim as to his false report allegations, and that claim is dismissed without prejudice.

Finally, Plaintiff seeks to raise claims against the two officers for excessive force based on the alleged assault on January 31, 2018. Actions brought pursuant to Section 1983 in New Jersey, are subject to a two year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). Most Section 1983 claims, including excessive force claims, accrue at the time of the alleged injury. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007). Plaintiff's excessive force claim therefore accrued on the date he was allegedly assaulted, January 31, 2018, and his statute of limitations had, absent some basis for tolling, expired by January 31, 2020. Plaintiff did not file his current complaint until, at the earliest, April 21, 2020, the date on which he apparently signed and mailed his complaint and its accompanying documents. ECF No. 1-1 at 3. Absent some basis for tolling of the statute of limitations, Plaintiff's excessive force claim is therefore time-barred by approximately three months.

In his complaint and accompanying documents, including Plaintiff's purported motion requesting that the Court accept his complaint as if filed within time (ECF No. 2), Plaintiff asserts

4

no basis for the tolling of the limitations period,[1] and this Court perceives no such basis from the record before it. Plaintiff's motion is therefore denied without prejudice, and this Court will dismiss Plaintiff's excessive force claims without prejudice as time-barred. Because Plaintiff has not yet had a direct opportunity to address the tolling issue, however, this Court will permit Plaintiff to file an amended complaint raising any tolling argument he may have within thirty (30) days.

In conclusion, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**, Plaintiff's motion seeking to have his complaint treated as if filed within time (ECF No. 2) is **DENIED WITHOUT PREJUDICE**; Plaintiff's claims against East Jersey State Prison and the New Jersey Department of Corrections are **DISMISSED WITH PREJUDICE**, Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is granted leave to file an amended complaint addressing the deficiencies raised in this memorandum opinion within thirty (30) days. An appropriate order follows.

Date: February 11, 2021

**CLAIRE C. CECCHI, U.S.D.J.**

---

[1] Plaintiff provides no supporting briefing or argument in his motion, he merely requests that the Court accept his complaint as if it were timely without presenting any basis for doing so. Likewise, Plaintiff's complaint provides no basis for tolling other than to note that he "filed in state court . . . a tort claim" but decided to file this matter because he did not get a settlement through his state court filing. That Plaintiff filed some unspecified tort claim in state court provides no basis for tolling the limitations period in this matter, indeed, it is not even clear if the tort claim raised included any of the claims raised in Plaintiff's current complaint.

5